UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 14-00050 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WOODY DALE BRANTON | MAG. JUDGE KAREN L. HAYES |

RULING

     This is a criminal action brought by the United States of America ("Government") against Defendant Woody Dale Branton ("Branton"). On July 4, 2014, Branton filed a Motion to Dismiss the Indictment, and, if the Court Denies the Motion to Dismiss, then for a Motion for Bill of Particulars ("Motion to Dismiss or for Bill of Particulars") [Doc. No. 21]. On July 18, 2014, the Government filed a memorandum in opposition [Doc. No. 22].

     For the following reasons, Branton's Motion to Dismiss or for Bill of Particulars is GRANTED IN PART and DENIED IN PART.

BACKGROUND AND PARTIES' ARGUMENTS

     On March 13, 2014, a federal grand jury returned a four-count indictment against Branton. Branton is charged with one count of enticing a minor to engage in criminal sexual activity (Count 1), two counts of attempted production of child pornography (Counts 2 and 4), and production of child pornography (Count 3).

     Branton moves the Court to dismiss the Indictment or, alternatively, for a bill of particulars. As to Count 1, Branton moves the dismiss the Indictment because the Government failed to specify what criminal offense he could have been charged with for his alleged conduct,

1

which Branton contends is an element of the offense. As to the remaining counts of attempted production and production of child pornography, Branton moves to dismiss the Indictment, arguing that the images are not child pornography, as defined by statute, because they do not depict the minor in sexually explicit conduct.

If the Court denies the motion to dismiss, Branton moves, alternatively, for a bill of particulars. With regard to Count 1, Branton moves for a bill of particular as follows:

1. The crime or crimes Branton could have been charged with based on the activity the Government alleges to have occurred;

2. The "facility in interstate commerce" the Government alleges Branton used;

3. The "sexual activity" the Government claims Branton persuaded, induced, enticed, or coerced (or attempted to persuade, induce, entice, or coerce) the minor to engage in, and, particularly, the statutory citation.

[Doc. No. 21, p. 2]. With regard to Counts 2, 3, and 4, Branton moves for a bill of particulars as follows:

1. The "materials" used and how they traveled in interstate commerce;

2. The visual depiction(s) the Government claims are "child pornography";

3. The conduct the Government claims is "sexually explicit."

[Doc. No. 21, p. 3].

In its response, the Government argues that the Indictment should be not be dismissed because it follows the language of the statute as to each count. With regard to Count 1, the Government points out that the Indictment charges Branton in the language of the statute with knowingly persuading, inducing, enticing, or coercing a minor to engage in sexual activity "for

which a person could be charged with a criminal offense." [Doc. No. 1, p. 1]; *see also* [Doc. No. 22, p. 3 (quoting same)]. The Indictment also contains the date of the offense. Thus, the Government contends that Branton can prepare his defense, and the Double Jeopardy Clause is invoked. With regard to the remaining counts, the Government argues that Branton has not challenged the sufficiency of the Indictment, but is instead inappropriately asking the Court to make a factual determination as to the sufficiency of the evidence. The Government further argues that an "attempt" does not require that a pornographic image be produced, only that Branton had the specific intent to do so and had taken a substantial step towards completing the offense. [Doc. No. 22, p. 5 (citing *United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004); *United States v. Crow*, 164 F.3d 229 (5th Cir. 1999))].

With regard to the request for a bill of particulars, the Government admits that Branton is entitled to learn the criminal offenses for which he could be charged in Count 1, but denies that he is entitled to other requested information. Although not stated in the section responding to the bill of particulars, with regard to the remaining counts, the Government pointed out that in discovery it has produced thousands of pages of Facebook chat transcripts between Branton and the minor victim and that one of the images produced was child pornography.

## LAW AND ANALYSIS

Branton moves for dismissal, or if dismissal is denied in whole or in part, for a bill of particulars as to all counts.

A motion to dismiss is governed by Rule 12(b), which provides that "[a]ny defense, objection, or request which is *capable of determination without the trial of the general issue* may be raised before trial by motion." Fed. R. Crim. P. 12(b) (emphasis added). "A defense is thus

capable of determination if trial of the facts surrounding the commission of the alleged offense would be of *no assistance* in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969) (emphasis added). Rule 12(b) goes on to state that certain defenses and objections <u>must</u> be raised prior to trial. These include:

> (1) Defenses and objections based on defects in the institution of the prosecution; or
>
> (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings); or
>
> (3) Motions to suppress evidence; or
>
> (4) Requests for discovery under Rule 16; or
>
> (5) Requests for a severance of charges or defendants under Rule 14.

*Id.* Defects in the institution of the prosecution and in the indictment or information generally include issues relating to problems with the grand jury, former jeopardy, former convictions, failure to state an offense, and statue of limitations.

Further, there is no summary judgment procedure in criminal cases, nor do the federal rules provide for a pretrial determination of the sufficiency of the evidence. Instead, the sufficiency of a criminal indictment is determined from the face of the indictment itself. "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as

those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117, *reh'g denied* 419 U.S. 885 (1974).

Moreover, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Therefore, courts lack the authority under Rule 12 to dismiss an indictment "on the basis of a 'sufficiency-of-the-evidence' defense which raises factual questions embraced in the general issue." *Id.* at 267 (citing *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973)).

An invalid indictment cannot be saved by a bill of particulars. *Russell v. United States*, 369 U.S. 749, 770 (1962). Rather, the purpose of a bill of particulars, as provided for in Federal Rule of Criminal Procedure 7(f), "is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 Fed. App'x 61, 71 (5th Cir. 2005) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)); *see also United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of subsequent prosecution."). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*,

923 F.2d 341, 351 (5th Cir. 1991). "A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.'" *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (quoting *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973)).

    A.    **Count 1**

In Count 1, Branton is charged with a violation of 18 U.S.C. § 2422(b), which makes it a crime for anyone to entice a minor to engage in sexual activity. The Fifth Circuit Pattern Jury Instructions for this crime provide, in part, as follows:

> Title 18, United States Code, Section 2422(b), makes it a crime for anyone to knowingly persuade [induce] [entice] [coerce] [attempt to persuade, induce, entice or coerce] a person under 18 years old to engage in any sexual activity for which any person can be charged with a criminal offense by use of any facility or means of interstate [foreign] commerce [the mail].
>
> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First: That the defendant knowingly persuaded [induced] [enticed] [coerced] [attempted to persuade, induce, entice or coerce] an individual to engage in any sexual activity, or prostitution, as charged;
>
> Second: That the defendant used the Internet [the mail] [a telephone] [a cell phone] [any facility or means of [interstate] [foreign] commerce] to do so;
>
> Third: That the defendant believed that such individual was less than 18 years of age; and
>
> Fourth: That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of ----- under the laws of ----- [insert state] [the United States].
>
> . . .
>
> As a matter of law, the following is a crime [are crimes] under ----- [state law] [federal law]: [**describe elements of the crime as alleged in the indictment**].

Fifth Circuit Criminal Pattern Jury Instructions § 2.85 (emphasis added).

In this case, the Government clearly tracked the language of the statute in the Indictment when charging Branton with "using a facility in interstate commerce" to "knowingly persuade, induce, entire, or coerce, a minor to engage in sexual activity for which a person could be charged with a criminal offense, or attempt to do so, in violation of . . . 18 U.S.C. § 2422(b)." [Doc. No. 1]. The Government also listed the dates of the alleged crime. In some past indictments before the Court, the Government has identified the state (or federal) crime that would have been committed if the sexual activity actually occurred. The Fifth Circuit's pattern jury instructions also appear to contemplate that the Government would have identified the crime in the indictment. However, neither the Government's past practice nor the wording of the jury instructions render the Indictment invalid. The Court finds that the Indictment sufficiently alleges the elements of the crime charged, so that Branton can prepare his defense and invoke the Double Jeopardy clause in any subsequent proceedings.

Though the Court has found the Indictment to be valid, the Court also finds that a bill of particulars is appropriate to provide Branton sufficient information to prepare his defense. Branton's Motion to Dismiss or for Bill of Particulars is DENIED as to his request for dismissal of Count 1, but GRANTED to the following extent: the Government is required to provide the following information and/or documentation to Branton: the crime or crimes Branton could have been charged with based on the activity the Government alleges to have occurred. To the extent that Branton sought additional information through the bill of particulars, the Court finds that the Government has provided Rule 16 discovery that is adequate to allow Branton to prepare his defense.

### B. Motion to Dismiss or for Bill of Particulars as to Counts 2, 3, and 4

In Counts 2, 3, and 4, Branton is charged with production of or attempted production of child pornography in violation of 18 U.S.C. § 2251(a). Branton moves for dismissal on the basis that none of the images fit the definition of child pornography. However, the Court finds that this is not a legal question appropriate for determination at this time, but instead challenges the sufficiency of the evidence. Under the applicable pattern instructions, the jury will be charged with determining whether there is a "visual depiction" of "[s]exually explicit conduct," at least as to Count 3. Fifth Circuit Criminal Pattern Jury Instructions § 2.82A; *see also* 18 U.S.C. § 2256(2)(B) (defining sexually explicit conduct). The Court understands Branton's concern that the photographs may "inflame" the jury, but the fact remains that the decision belongs to the jury. Further, with regard to Counts 2 and 4, as the Government points out, Branton is charged with attempts to produce child pornography, so these counts do not require the Government to show that a visual depiction is actually produced. *See United States v. Crow*, 164 F.3d 229 (5th Cir. 1999). Accordingly, Branton's motion for dismissal is DENIED.

The Court has also considered whether a bill of particulars is appropriate as to these counts. However, in light of the significant discovery provided to Branton, the Court finds no bill of particulars is necessary. Thus, the alternative motion for bill of particulars is also DENIED.

MONROE, LOUISIANA, this 7th day of August, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE