RECEIVED

MAR - 7 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____ Ken

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

United States District Court   District 5   Western District of Louisiana

Name:  Dale Branton (Woody Dale Branton)   Docket or Case No.: 3:14CR00050-001

Place of Confinement: Elkton FCI   Prisoner No.: 17883-041

UNITED STATES OF AMERICA   v.   Dale Branton
(Woody Dale Branton)

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   U.S. District Court Western District of Louisiana Monroe, LA   (b) Criminal docket or case number (if you know): 3:14CR00050-001

2. (a) Date of the judgment of conviction (if you know): _____ (b) Date of sentencing: 02 March 2015

3. Length of sentence: 135 months

4. Nature of crime (all counts):
   Enticement of a Minor to Participate in a Criminal Sexual Act

410cr                                    11

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

5.   (a) What was your plea? (Check one)

(1) Not guilty          (2) Guilty X          (3) Nolo contendere (no contest)  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
_____ _____ _____ _____
_____ _____

6.   If you went to trial, what kind of trial did you have? (Check one)   Jury   Judge only

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes   No
     I spoke at my sentencing hearing only.

8.   Did you appeal from the judgment of conviction?   Yes   No X

9.   If you did appeal, answer the following: (a) Name of court: _____ (b) Docket or case number (if you know): _____ (c) Result: _____ (d) Date of result (if you know): _____ (e) Citation to the case (if you know): _____ (f) Grounds raised: _____ _____ _____ _____
___ (g) Did you file a petition for certiorari in the United States Supreme Court? Yes  No

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

410cr                                    12

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

(7) Result: _____

(8) Date of result (if you know): _____ (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes    No
(2) Second petition:    Yes    No

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____  _____  _____

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** <u>My actions</u>, as <u>described</u> in the particulars of the guilty plea, did not meet the <u>criteria for acceptance</u> of the plea. There was never any positive step towards meeting with the alleged victim. My attorneys should have never allowed me to sign a statement that was misleading.
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>I purchased a ticket</u> to Shreveport for a holiday trip to visit friends and relatives. I purchased that ticket prior to discussions about meeting with the alleged victim. I did discuss what I wanted to do with her when we met, but my final statement in <u>that regard was a sug</u>gestion that we take a dual vow to keep our meeting "platonic. I took my holiday trip to Shreveport and that trip is well documented, but I never made any attempt to even travel in the direction of the alleged victim's home which was an hour and a half away by car.
<u>I never intended to</u> agree that my mere conversation with the the alleged victim, conversation that was often comic and satyrical, was a crime.
_____

<u>My major pre trial</u> attorney, Shelly Goff, convinced me that I could sign the plea agreement without committing perjury because my trip to Shreveport after my discussions with the alleged victim constituted a positive step. In retrospect that seems <s>rediculous.</s>
_____
I am an intelligent, educated, professional but I suffered from depression, untreated ADHD, and other personality issues that affected my ability to function <u>without proper legal</u> assistance and under circumstanced outlined in following grounds.

410cr                                    16

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes  No X
410cr                                              17

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

**GROUND TWO:** I was not provided time or resources to understand the facts and implications of the plea agreement.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to the production of the plea agreement, my attorney (Goff) informed me that she was going to grant a continuance to the prosecution based on their claim that they were having trouble analyzing computer records.

The prosecution never actually made that request, leaving an unexpectedly tight time frame before trial was set to begin.

I received the plea agreement right before I was to meet with Ms Goff to discuss it because of long delays in mail processing at Richland Parrish Detention Center where I was housed.

I had only 1-2 hrs to consider the proposed agreement and make a decision before Ms Goff left town. That included actual reading time. She did not meet with me again until the hearing before the Magistrate Judge who accepted the plea.

At the time I was not in possesion of any discovery materials to compare with the particulars of the agreement. I asked Goff to request a continuance so that I would have time to consider the plea and so she would have time to better prepare for a potential trial and she refused to do so.

Ms Goff told me that no significant changes to the plea agreement could be made – that I had to take it or leave it. I now know that is nonsense. I am sure that a better and more appropriate deal could have been made.

I signed the plea agreement out of fear of my erratic and unprepared attorney as much as anything else.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

410cr                              20

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

Yes   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes   No X

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

410cr                                               21

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

**GROUND THREE:** My attorneys did not follow my instructions or properly represent me.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My federal defender in Minneapolis, Reggie Alligota, allowed the government to present false and misleading testimony and ignored my frantic request to testify to counter the falsehoods. (Mr. Alligota appeared busy reading unrelated legal papers during part of the hearing.)
That testimony directly resulted in the Judge keeping me in detention and my detention in this case had a devastating effect on my ability to mount a sound defense.
That detention resulted in my losing my home, my job, and all of my belongings and prevented me from arranging my own legal representation. It also resulted in less effective treatment for depression and terminated treatment for ADHD.
I was Detained at RPDC under highly punitive conditions. I got virtually no exercise. I saw the sun approximately twenty times in the year that I was there.
410cr                                   23

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

GROUNDS 3 CONTINUED

Conditions were extremely unsanitary. Showers came as long as a week apart. Bacterial infections were rampant. I was allowed two haircuts in the time that I was there. There were no watches or clocks allowed in the cell. We were not allowed to watch TV or use the libraryMy requests for contact information for the U. S. Marshals were ignored so I could not complain. I was actually told by one jail employee: "You're in jail. You ain't got no rights!" No phone calls were routinely allowed during the daytime. We were typically allowed a total of fifteen minutes for both a shower and phone call combined and only allowed calls when we got a shower. Most of the time this was so late in the evening as to be useless to me because my contacts were unavailable at that hour. Mail might be delayed up to three weeks if it came at all. I even had one letter from the court returned as undeliverable. My attorneys could offer me no assistance in regards to my living conditions. The government gained great advantage in my case through the practical and psychological effects of these conditions. If the government could not house me under humane conditions in Louisiana, the proceedings should have been held in Minneapolis or in some other appropriate place.

My pre sentencing attorney in Louisiana, Goff, appeared to be suffering some psychological issues. Her attitude towards the case seemed to vary widely from one meeting to the next. She refused to call Danielle, the alleged victim in my case, as a witness. She first told me that Danielle would be "brainwashed" by government psychologists and then later decided that it would not be a good idea to call her because we might be accused of "revictimizing" her. I was certain that Danielle would provide essential and very supportive testimony. I requested that she obtain transcript of my troublesome detention hearing and she did not. I requested that she obtain an independent copy of FaceBook records because I was concerned that they might have been edited. She promised to but did not. Ms Goff seemed to be trying to convince me that I was "stuck with her" even at a time when I had managed to turn some belongings into cash and so had some funds. Inexplicably, the Magistrate Judge seemed to verify that contention in court but then allowed Ms Goff to remove herself from the case shortly therafter.

Cameron Murray, my paid attorney for the sentencing hearing, was reasonable and professional but his failure to respond to any of my letters; his failure to follow my instructions; his failure to call Danielle or anyone who would have countered Mae Hall's irrational letter to the court at the sentencing hearing, and his insistence that I limit the scope of my allocution; all caused problems for me. I believe that Judge James got a limited perspective on the reality of the case and that that may have significantly influenced his view of the particulars of the plea; the appropriateness of the plea; and the appropriate sentence.

GROUND 3 CONTINUED

I believe that Judge James, at sentencing, would have had a very different perspective upon the proceedings if he had had an opportunity to read my original allocution.

Mr Murray failed to follow my instructions, which were in writing, in one other important regard. He failed to challenge any of a number of issues with the PSI report, leaving the government free to say and do anything they pleased. There are two main issues with this. The PSI gives an innacurrate overall impression both to the court and to those who are now using the report for other purposes. A highly inappropriate reference, based on my mental health records, stating that I had access to a "Vast" number of drugs caused staff here at Elkton FCI to initially place me on a waiting list for a drug program, eventhough I have no history of drug or alcohol abuse. There are other similar problems that were not rectified. Also, and most importantly, Mr. Murray failed to do as I instructed and challenge point additions that increased my sentence in the guidelines based on my understanding of the plea greement.

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

410cr                              24

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

410cr                                    25

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

**GROUND FOUR:** The government gave false and misleading testimony and apparently tampered with evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

An FBI agent at my initial detention hearing gave testimony that was almost all false or misleading. The two most significant falsehoods were that I had two loaded handguns and that I continued to have a sexual conversation with Danielle even after I suspected an FBI investigation. Both assertions are false and can be proven so. The issue of the legal guns in my home should have never been raised because it was not relevant and there was no search warrant for guns. The agent made that worse, however by claiming two were loaded. One was loaded for self defense. The loaded magazines for the other two turned out to be in a small safe which the FBI is in possession of. The contention regarding sexual conversation is simply false. Infact, the end of that conversation (which was actually with the FBI agent posing as Danielle) is on record and consists of the agent pleading with me to engage in sexual conversation and my refusing to do so. It was the FBI agent's lie about the conversation that the judge cited in ordering detention because it made it seem that I would be a threat to public safety.

The FBI affidavit is replete with misleading information, including the combining of the beginning sentence of one FaceBook message with the end of another message further down the page to give a false impression, and, most importantly, the description of the only photograph deemed pornographic as displaying the out line of the alleged victim's vagina. This simply false.

The FBI removed a disclaimer inserted by me from a display of Valentine items sent to the family, not just to Danielle, to change the meaning of the act on my part from one of conciliation with the family to something appearing to be a romantic appeal to Danielle. They did not count on my sending a digital scan of that disclaimer to the agent posing as Danielle on FaceBook. That falsehood is carried through into the PSI report and is one of the issues I instructed my attorney to address. If the FBI would do these things, what else 410cr did they do?      27

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(b) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes   No X

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____
410cr                                                         28

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>This is the first presentation of any of the grounds.  I was not previously aware that any appeal was possible.</u>

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging? Yes ___ No X If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.
_____  _____  _____
_____

410cr                                    30

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging: (a) At preliminary hearing:
    <u>Shelly Goff</u>     <u>Ruston LA</u>       (b) At arrangement and plea:
                                                  (c) At trial:
    <u>Cameron Murray</u>  <u>Monroe LA</u>       (d) At sentencing:
    _____  _____        (e) On appeal:
    _____  _____        (f) In any post-conviction proceeding:
    _____  _____        (g) On appeal from any ruling against
    you in a post-conviction proceeding:

    <u>Reggie Alligata</u>  <u>Minneapolis</u>   <u>At Detention hearing</u>

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes  No X

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes  No X (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ (b) Give the date the other sentence was imposed: _____ (c) Give the length of the other sentence: _____ (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes  No

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion. *

_____
_____
_____
_____
_____
_____
_____

Therefore, movant asks that the Court grant the following relief: <u>I am asking that the court set aside the guilty plea, if possible, so these issues can be addressed. If that is not possible, I am asking that the sentence be corrected or adjusted and that I be allowed to challenge the PSI</u>

410cr                                    31

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _March 2, 2016_____(month, date, year).

Executed (signed) on _March 1, 2016_ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

**Footnotes**

  \* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

410cr                                    32

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17883041