**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 14-0050-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WOODY DALE BRANTON** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to vacate, set aside, or correct sentence filed by Defendant Woody Dale Branton pursuant to 28 U.S.C. § 2255. [doc. # 62]. The United States opposes the Motion. [doc. # 66]. For the reasons stated below, it is recommended that the Motion be **DENIED**.

**Background**

On March 13, 2014, a federal grand jury returned a four-count Indictment charging Defendant with one count of attempting to entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b) and three counts of attempting to entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of a minor engaged in said conduct, in violation of 18 U.S.C. § 2251(a) and (e). [doc. # 3]. On August 27, 2014, Defendant pled guilty to Count 1 of the Indictment and the Government, in turn, agreed to dismiss the remaining counts. [doc. # 32]. On March 2, 2015, the District Court sentenced Defendant to one hundred and thirty-five months of imprisonment and five years of supervised release. [doc. # 57]. It also ordered him to pay a special assessment of $100.00 to the U.S. Clerk of Court. *Id*.

Defendant filed the instant Motion on March 7, 2016. [doc. # 62]. He claims that his trial counsel and counsel at sentencing rendered ineffective assistance by failing to call a witness,

failing to present mitigating evidence at sentencing and pressuring him into accepting the plea agreement. *Id.* The Government responds and contends, *inter alia*, that Defendant has failed to establish any claim for ineffective assistance of counsel and that his plea agreement was made voluntarily. [doc. # 66-1].

The matter is now before the Court.

## Law and Analysis

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *U.S. v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and the conviction has been upheld on direct appeal, there is a presumption that the conviction is fair and final. *U.S. v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Collateral review is fundamentally different from, and may not replace, a direct appeal. *Frady*, 456 U.S. at 152. Thus, even if the issues are constitutional or jurisdictional, a defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *U.S. v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *U.S. v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Of course, issues raised and disposed of on direct appeal are not subject to further review

under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under Section 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which she is innocent. *Shaid*, 937 F.2d at 232.

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255 because "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal." *Massaro v. U.S.*, 538 U.S. 500, 503 (2003); *U.S. v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

In applying the first prong of *Strickland*, courts presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355, 1361 (5th Cir. 1994). To establish prejudice, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable

and fundamentally unfair." *U.S. v. Saenz–Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that she would have received less jail time. *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

**I. Defendant's Guilty Plea**

As noted above, Defendant entered a guilty plea in this matter. [doc. # 32]. "It is well-settled that '[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *U.S. v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (citing *U.S. v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007)). This includes claims of ineffective assistance of counsel, with the exception of claims alleging that counsel's ineffectiveness rendered the guilty plea involuntary, unintelligent, or unknowing. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Daughenbaugh*, 549 F.3d at 1012. Therefore, "even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary" because in such cases there has been "no actual and substantial disadvantage to the defense." *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Here, it is patently clear that Defendant entered a voluntary and unconditional guilty plea. The Supreme Court has determined that "the representations of the defendant . . . [at a plea hearing] as well as any findings made by the judge accepting the plea constitute a formidable

barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id.* at 74. What is more, an unambiguous plea agreement is "accorded great evidentiary weight." *U.S. v. Abreo*, 30 F.3d 29, 32 (1994). Consequently, subsequent conclusory and unsupported allegations that contradict a defendant's representations at a plea hearing are subject to summary dismissal. *Id.*

Here, by signing the unambiguous plea agreement, Defendant confirmed the following:

> I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.
>
> I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.
>
> I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

[doc. # 32]. Defendant also signed an Affidavit of Understanding confirming the following:

> I, Woody Dale Branton, the above-named Defendant, having been furnished a copy of the charges and having discussed same with my attorney, state that I understand the nature of the charges against me and the maximum possible penalties that may be imposed against me as set forth in the plea agreement.
>
> * * *
>
> I realize that by pleading guilty, I stand convicted of the crime charged and waive my privilege against self-incrimination, my right to jury trial, my right to confront and cross-examine witnesses, and my right of compulsory process.
>
> I further state that my plea in this matter is free and voluntary and that it has been made without any threats or inducements whatsoever (except the plea agreement) from anyone associated with the State or United States Government or my attorney, and that the only reason I am pleading guilty is that I am in fact guilty as charged.

[doc. # 32-1]. In addition, the Magistrate Judge accepted Defendant's guilty plea in open court. [doc. # 30].

Ultimately, Defendant fails to present any evidence to refute either the declarations he made in the aforementioned documents or the representations he made at the plea hearing.[1] In effect, Defendant waived any challenge to nonjurisdictional defects in the prior proceedings, including claims of ineffective assistance, with the exception of claims that counsel's deficient performance rendered her plea involuntary.

Even if Defendant's motion was not barred by his plea agreement, he would be unable to show that his plea was involuntary due to ineffective assistance of counsel. In order to contradict his representations at the change of plea hearing and demonstrate ineffective assistance of counsel, Defendant must satisfy the two-prong test put forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The *Strickland* test requires the defendant to show that 1) his counsel's performance fell below an objective standard of reasonable competence, and 2) the petitioner was prejudiced by his counsel's deficient performance. *Id.*

Defendant claims that he was pressured into signing "the plea agreement out of fear of my erratic and unprepared attorney." [doc. # 62, p. 3]. Specifically, Defendant alleges that "Ms. Goff told me that no significant changes to the plea agreement could be made that I had to take it or leave it." *Id.* at 5. Not only has Defendant failed to show any evidence to support his claim, he, in fact, made different representations in his plea agreement and in open court before the Magistrate Judge. [docs. # 30; 32-1]. Defendant's signed plea agreement states, "my plea in this matter is

---

[1] Defendant raises a host of unsupported, and unconvincing arguments concerning the voluntariness of his plea. [doc. # 62, p. 3]. All of these arguments are contradicted by Defendant's solemn declarations in Court and thus do not entitle him to any relief.

free and voluntary and that it has been made without any threats or inducements whatsoever (except the plea agreement) from . . . my attorney, and that the only reason I am pleading guilty is that I am in fact guilty as charged." [doc. # 32-1]. In order to be entitled to an evidentiary hearing on the issue of the voluntariness of a guilty plea based on alleged promises inconsistent with the habeas petitioner's own representations in open court, a petitioner must present the court with "independent indicia of the likely merit of his allegations," *Rupert v. Johnson*, 79 F. Supp.2d 680, 704 (5th Cir. 1999), such as specific factual allegations supported by the affidavit of a reliable third party. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). In *Davis*, the petitioner's allegations gave the date, time, and witnesses to his attorney's improper promise of a shorter sentence. *Davis* at 894.

In the instant case, however, the defendant makes broad generalizations. He does not allege that his attorney promised him anything, but rather he did not feel like he was given an adequate enough time to consider the plea before accepting it. The record does not reflect that the defendant's counsel was ineffective nor that the defendant was prejudiced in any way.[2] As a result, even if the defendant's motion survived the procedural bar, he is unable to show that his agreement to the plea was unknowing and involuntary.

## II. Failure to Call Victim as Witness

Defendant alleges that he received ineffective assistance of counsel, in that counsel failed

---

[2] To the extent Defendant claims that his trial counsel was deficient for failing to file a motion for an extension of time to consider the plea agreement, this claim is without merit. [doc. # 62, p. 5]. A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1975); *Daniels v. Maggio*, 669 F.2d 1075 (5th Cir. 1982). Defendant has not shown prejudice in the requisite degree.

to call a witness who was an alleged victim to testify on his behalf. [doc. # 62, p. 8]. He claims that his trial attorney, Shelley Goff, and his attorney at the sentencing hearing, Cameron Murray, both refused to call the alleged victim to the stand. *Id.* Because of the attorneys' failures to call the victim to the stand, "Judge James got a limited perspective on the reality of the case." *Id.*

The decision to call witnesses is a trial strategy within the trial counsel's domain. *United States v. Harris*, 408 F.3d 186, 190 (5th Cir. 2005), *cert. denied*, 546 U.S. 919, 126 S. Ct. 297, 163 L. Ed. 2d 259 (2005); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Complaints about the failure to call witnesses are disfavored on collateral review because allegations of potential testimony are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). The court should thus view such claims with skepticism, especially when the only evidence of what a witness's testimony would have been is from the movant. *Id.* The movant must also show that the testimony would have been favorable and that the witness would have testified at trial. *Alexander*, 775 F.2d at 602.

In this case, Defendant states that counsel should have called the victim to the stand to aid in his defense. Defendant, however, has offered only his personal speculation as to her prospective testimony. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *see also Buckley v. Collins*, 904 F.2d 263, 266 (5th Cir. 1990); *Lockhart v. McCotter*, 782 F.2d at 1282. "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the

contents of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day*, 566 F.3d at 538; *Alexander*, 775 F.2d at 602 (to demonstrate error, or ineffective assistance of counsel, the petitioner must prove that a witness's testimony would have helped him, and that the witness would have testified to certain facts or information at trial).

Defendant has not submitted an affidavit from the witness setting forth, in the witness's words, her potential testimony; nor has he clearly shown how the purported testimony of the potential witness would have altered the outcome of the trial or sentencing. Defendant has not offered proof that the witness would have testified—and that her testimony would have been favorable to him. Moreover, the determination as to what witnesses to call is squarely within counsel's professional judgment. *See Green v. Cockrell*, 67 F. App'x 248 (5th Cir. 2003) ("A strategic or tactical decision not to call particular witnesses does not constitute ineffective assistance ."). Great deference is given to counsel's exercise of professional judgment. *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). Defendant fails to show how counsel's performance fell below an objective standard of reasonableness or that a reasonable probability exists that the result here would have been different had the victim been called. *See Strickland*, 466 U.S. at 687–88. These claims of ineffective assistance of counsel are without merit and will be denied.

**III. State's Misleading Testimony Evidence**

Defendant next claims that the state violated his due process rights by allowing an FBI agent to give misleading testimony. [doc. # 62, p. 12]. Defendant asserts that an FBI agent testified that Defendant had two loaded guns and that Defendant continued to have a sexual conversation with the victim even after he suspected the FBI was conducting an investigation. *Id.*

In *Napue v. Illinois*, 360 U.S. 264, 271, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1969), the Supreme Court held that a prosecutor's knowing use of, or deliberate failure to correct, perjured testimony violates a defendant's Fourteenth Amendment due process rights. To prevail on a *Napue* claim, a petitioner must show (i) that false testimony was presented at his trial; (ii) that the prosecution knew that the testimony was false; and (iii) that the testimony was material. *See United States v. Webster*, 392 F.3d 787, 801 (5th Cir.2004).

Defendant asserts that the State allowed an FBI agent to give testimony concerning two loaded handguns. However, Defendant admits that the testimony was true, just "not relevant." [doc. # 62, p. 12]. Defendant further asserts that the topic towards the end of his conversation with the victim (which was actually with the FBI agent during this point in the conversation) was not sexual in nature. *Id.* He also claims that the FBI affidavit used against him had many misleading statements and evidence from social media. *Id.*

Defendant has failed to demonstrate that the information cited was false or misleading enough to deprive him of his due process rights. Most importantly, Defendant makes no attempt and has alleged no facts showing that anyone on the prosecution team or representing the State was aware of any material factual inaccuracy in the FBI agent's testimony. Thus, Defendant's *Napue* claim does not warrant federal habeas corpus relief.

**IV. Failure to Present Mitigating Evidence**

To the extent Defendant argues that counsel failed to present mitigating evidence at sentencing, this claim is also without merit. [doc. # 62, p. 9]. He claims that counsel at sentencing failed to present evidence "and challenge point additions that increased my sentence in the guidelines." *Id.*

"In the context of sentencing, the movant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would [have] received less time in prison." *U.S. v. Blount*, 159 Fed. App'x 591, 592 (5th Cir. 2005) (citing *Glover v. U.S.*, 531 U.S. 198, 203 (2001)). Defendant has not done that here. While he cites certain evidence presented by the State as false, he fails to explain how the evidence would have reduced his sentence. [*See* doc. # 62, p. 9]. Defendant fails to show that his counsel's performance was deficient or that he was prejudiced by counsel's actions. *See Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

Defendant also alludes to an ineffective assistance of counsel claim based on his sentencing attorney's failure to object to evidence presented in the Pre-Sentencing Investigation (PSI) report. [doc. # 62, p. 9]. As mentioned above, for an ineffective assistance of counsel claim the Defendant must show that 1) his counsel's performance fell below an objective standard of reasonable competence, and 2) the defendant was prejudiced by his counsel's deficient performance. *Id.*

Here, Defendant states that his attorney should have objected to the reference in his PSI report that he had access to a vast number of medications due to his mental health conditions. [doc. # 62, p. 9]. Defendant does not allege why or on what grounds his counsel would object to this information in his PSI report, nor does he allege how allowing this information into the PSI report prejudiced him. In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. *See Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994). Thus, these conclusory claims should be **DENIED**.

**Conclusion**

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion to vacate, set aside, or correct sentence, [doc. # 62], filed by Defendant Woody Dale Branton, be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C.

§ 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 13th day of May, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE