# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**UNITED STATES OF AMERICA**             CASE NO. 3:14-CR-00050-01

**VERSUS**                                JUDGE ROBERT G. JAMES

**WOODY DALE BRANTON (01)**

## ORDER and REASONS

Before the Court is a letter from Defendant Woody D. Branton, which the Court construes as a Motion for Relocation of Supervised Release. [ECF No. 72]. For the reasons that follow, the motion is DENIED as premature.

Upon his plea of guilty to the charge of Enticing a Minor to Engage in Criminal Sexual Activity, Branton was found guilty and sentenced to 135 months in prison, followed by five years of supervised release. [ECF No. 60]. Branton is projected to be released on October 8, 2022.[1] He now asks the Court to transfer the location of his supervised release from the Western District of Louisiana to the District of Minnesota where he has resided since 1988. According to Branton, all of his medical doctors, mental health providers, and friends are in Minnesota. The Court further notes Branton has not lived in Louisiana since 1975, and he has no remaining family in this State to the Court's knowledge. [ECF No. 56 at 7].

18 USC § 3605 allows for transfer of jurisdiction over a defendant who is serving a term of supervised release. The statute provides in pertinent part: "A court, after imposing a sentence, may transfer jurisdiction over a . . . person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his . . . release, or is permitted

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited June 28, 2021).

to proceed, with the concurrence of such court." *Id.* Because Branton remains in the custody of the Bureau of Prisons ("BOP"), he is not yet "on supervised release." *Id.*; *see also* 18 U.S.C. § 3624(e) (a "term of supervised release commences on the day the person is released from imprisonment"); *United States v. Bass*, 233 F.3d 536, 537 (7th Cir. 2000) (18 U.S.C. § 3605 "is limited to defendants who are on supervised release"). Accordingly, the Court finds Branton's request for a transfer of supervision is premature, as the Court does not have such authority until such time as supervision commences.[2]

Branton notes in his letter that there is a process for relocation of release within the BOP, but that this requires "a physical address in the desired location," which Branton does not currently have.[3] The only option for Branton at this time is to continue working with his BOP case manager.

SIGNED this 29th day of June, 2021.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Branton states he has been advised that there is no halfway house in the Monroe, Louisiana area that will accept him. There are other halfway houses in this District that do accept sex offenders.
[3] Branton sold his home in Minnesota during the course of these proceedings. [ECF No. 35] However, he appears to have the resources to rent a place to live. *Id.*; *see also* ECF No. 56 at 10.